UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BARBARA J. ROGERS,**
                        **Plaintiff**

**v.**                                                       **Civil Action Number**
                                                                      **3:06CV441-J**

**MICHAEL J. ASTRUE, Commissioner,**
   **Social Security Administration,**
                         **Defendant**

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff Barbara Rogers' request for review of the decision of the defendant Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Plaintiff filed her applications in April and May of 2004, alleging that she had been unable to engage in any substantial gainful employment since July of 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that her back, left hip, headache and depression/anxiety problems were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity for light work that exists in significant numbers in the national economy.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003).

"Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Rogers contends that the ALJ erred as a matter of law in evaluating the credibility of her testimony with regard to the severity of her symptoms. She argues that the ALJ found that her impairments could be expected to produce the types of symptoms of which she complained, such that it was then inconsistent for the ALJ to find her testimony not fully credible regarding the specifics of her symptoms. The ALJ determined as follows:

> [T]he undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

Tr. 22. The Court is unable to agree that these findings are internally inconsistent. Once the ALJ has determined, for example, that an impairment could reasonably be expected to produce pain or weakness, it is incumbent upon the ALJ to then evaluate the intensity of the pain or the limiting effects of the weakness *as the claimant experiences it*.

Ms. Rogers next argues that substantial evidence fails to support the ALJ's determination that her testimony regarding the intensity, duration and limiting effects of her symptoms was not entirely credible. In evaluating the intensity of pain, the ALJ is not permitted to simply adopt the claimant's subjective assertions without more. 20

C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929(c)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

    A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

    An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical

evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). If the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

In this case, the ALJ provided reasons for partially rejecting Ms. Rogers' testimony. The ALJ pointed to inconsistencies in Ms. Rogers' own reports. For example, she claimed that she became disabled in July of 2003, but the record reflects no treatment for her complaints between that time and April 30, 2004. Asked to explain her failure to mention to her doctor these allegedly debilitating symptoms, she testified that she assumed her doctor would say nothing could be done for her. She testified that she suffered from anxiety and depression, but she said she did not seek counseling because she wasn't told she had to do so. The ALJ also noted that the objective medical evidence (MRI) failed to show a severe problem, that exertional restrictions were not imposed by any treating physician, and that the continuing medical reports do not show severe complaints of pain.

This explanation of reasoning satisfies the legal requirement of stating reasons for rejecting a claimant's testimony as not fully credible. In addition to the evidence cited, Ms. Rogers' daily activities are inconsistent with her contention that she is completely

4

disabled. Ms. Rogers' parents told Dr. Miller that Ms. Rogers cooked, washed dishes, did laundry, did grocery shopping, cared for her two small children, and worked in the yard. Tr. 251-253. Substantial evidence clearly supports the ALJ's credibility determination.

Ms. Rogers contends that the ALJ erred in failing to consider the effects of her dyslexia on her ability to work. The record reflects that the vocational expert, Ms. Sparrow, not only heard Ms. Rogers' testimony, but also considered the requirements of Ms. Rogers' previous jobs. After Ms. Sparrow had identified a number of sedentary and light entry level jobs, the ALJ explicitly asked whether Ms. Rogers' learning disability would be compatible with the jobs identified. She responded, "Yes, it would. Because these jobs do not require a great deal of reading and being able to read to do what she's done in the past she would be able to do these jobs that I gave as examples." Tr. 422-423. Counsel did not explore this any further. Thus, there is no evidence that Ms. Rogers' dyslexia or other learning disability would interfere with her ability to perform the work identified. In the same way, the vocational expert did not consider the only evidence regarding the effect of psychiatric impairments, including crying spells, as incompatible with the jobs she had identified.

An order in conformity has this day entered.